UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANDRA MERRITT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-CV-1238-ACL |
| ) | |
| ANGELA MESMER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

On December 10, 2014 in the City of St. Louis Circuit Court, petitioner pled guilty to robbery in the first degree, armed criminal action, burglary in the first degree, two counts of kidnapping, and tampering with a victim or witness or attempted tampering with a victim in a felony prosecution. *See Missouri v. Merritt*, No. 1422-CR01743 (St. Louis City Cir. Ct. Dec. 10, 2014). On January 30, 2015, the court sentenced petitioner to life imprisonment.[1] Petitioner did not file a direct appeal.

On June 8, 2015, petitioner filed a state court petition for post-conviction relief under Missouri Supreme Court Rule 29.035. The sentencing court denied petitioner's motion on June

---

[1] Petitioner was sentenced to life imprisonment on the robbery charge, to run concurrently with thirty-year sentences on the armed criminal action, burglary, and kidnapping charges, and a fifteen-year sentence on the tampering charge. *Missouri v. Merritt*, No. 1422-CR01743 (St. Louis City Cir. Ct. Jan. 30, 2015).

23, 2017. Petitioner appealed. Petitioner's state court petition for habeas corpus was denied by the Missouri Court of Appeals on April 24, 2018. *See Merritt v. State of Missouri*, 552 S.W.3d 718 (Mo. Ct. App. 2018). On August 21, 2018, the Missouri Supreme Court denied petitioner's application to transfer the case from the Missouri Court of Appeals.

Petitioner filed the instant § 2254 petition on September 9, 2020.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The instant petition has been filed after the expiration of the one-year time limit set by § 2244(d). Petitioner acknowledges this in her petition, but states her petition should not be barred by the statute of limitations "because of COVID-19." She does not provide any details as to why

-2-

COVID-19 interfered with her filing of the petition. In fact, the statute of limitations for petitioner's petition had already run on March 13, 2020 when Missouri Governor Mike Parson declared a state of emergency related to COVID-19. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this __17th__ day of September, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE