UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANDRA MERRITT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:20-CV-1238-ACL |
| | ) |
| ANGELA MESMER, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on self-represented petitioner Sandra Merritt's response to the show cause order entered on September 17, 2020.[1]  For the following reasons, the Court concludes petitioner's arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2244.

### Background

On December 10, 2014 in the City of St. Louis Circuit Court, petitioner pled guilty to robbery in the first degree, armed criminal action, burglary in the first degree, two counts of kidnapping, and tampering with a victim or witness or attempted tampering with a victim in a felony prosecution.  *See Missouri v. Merritt*, No. 1422-CR01743 (St. Louis City Cir. Ct. Dec. 10, 2014).  On January 30, 2015, the court sentenced petitioner to life imprisonment.  Petitioner did not file a direct appeal.

---

[1] On September 17, 2020, the Court ordered petitioner to show cause as to why the Court should not dismiss at time-barred her petitioner under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.

–1–

On June 8, 2015, petitioner filed a state court petition for post-conviction relief under Missouri Supreme Court Rule 29.035. The sentencing court denied petitioner's motion on June 23, 2017. Petitioner appealed. Petitioner's state court petition for habeas corpus was denied by the Missouri Court of Appeals on April 24, 2018. *See Merritt v. State of Mo.*, 552 S.W.3d 718 (Mo. Ct. App. 2018). On August 21, 2018, the Missouri Supreme Court denied petitioner's application to transfer the case from the Missouri Court of Appeals. Petitioner filed the instant § 2254 petition on September 9, 2020, at least seventeen months after the 1-year statute of limitations under 28 U.S.C. 2244(d) had run.

Petitioner acknowledges that her petition is late, but states her petition should not be barred by the statute of limitations "because of COVID-19." In its show cause order, the Court noted that petitioner did not provide any details as to how COVID-19 interfered with her filing of the petition. In fact, the statute of limitations for her petition had already run on March 13, 2020 when Missouri Governor Mike Parson declared a state of emergency related to COVID-19.

## Discussion

Equitable tolling is an extraordinary remedy used only in rare circumstances, and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly defined statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Petitioner argues that her untimely filing should be exempted from the statute of limitations set forth in Rule 3(c) of the Rules Governing § 2254 Proceedings because of "mental anguish which I suffered because of my lack of knowledge of the law and the bereavement I was going

–2–

through after the loss of my beloved husband." *See* ECF No. 6. Although the Court is sympathetic to petitioner's condition, her lack of knowledge of the law does not toll the statute of limitations for filing her § 2254 motion. *See Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003) ("Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul.") (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)) (noting that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing"); *see also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control makes it impossible to file a petition on time.").

Petitioner's reasons are not sufficient to toll the statute of limitations for filing her § 2254 petition. Petitioner knew of the factual basis for her claims of ineffective assistance of trial counsel at the time of her conviction, yet she did nothing to seek federal habeas review of these claims for more than seventeen months after the statute of limitations had run. Having considered petitioner's response, the Court will dismiss the motion pursuant to Rule 4(b) of the Rules Governing Section 2254 proceedings in the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 2] The Court will waive the filing fee.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED and DISMISSED as time barred**.  *See* Rule 4 of the Rules Governing § 2254 Proceedings.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel is **DENIED as moot**.   [ECF No. 3]

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of February, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE